consists of Epitomized Opinions in Ohio cases from the following courts:

Federal Courts.—United States Supreme Court; Circuit Court of Appeals, Sixth District; U. S. District Courts of Ohio, Northern and Southern, covering all the written opinions handed down by the judges.

State Courts of Ohio.—The Ohio Supreme Court; the Ohio Court of Appeals, nine Districts; the Nisi Prius cases of the County Common Pleas and City Municipal Courts, and the Quasi Judicial Opinions of the Attorney General and other Officers and Boards exercising judicial functions.

Digests—A Weekly Digest of all opinions in each number; a weekly·cumulative Digest of all opinions in the preceding issues of the month; a Monthly Digest of all· opinions, each month; a Quarterly Digest of each three months period; and semi-annual and annual issues, constructed and conducted so as to make it easy and sure to quickly find any desired, existing case.

Prompt and Complete Publication.—All the available opinions in Ohio cases, decided in these courts and handed down in such form that they can be transcribed, will be printed as fast as they can be carefully reported and be prepared for the press, and publicity will follow close after the decrees of the judges.

## COURT OF APPEALS of U. S.

### CINCINNATI

U. S. COURT of APPEALS, SIXTH CIRCUIT

No. 448

RELIANCE COAL & COKE CO. v. BRYDON & BRO., INC.

U. S. Circuit Court of Appeals, Sixth Circuit
No. 3721.  286 Fed. 827.  Decided Feb. 9, 1923

SALES—(1) Buyer held not released from taking coal under provision of contract—(2) Written contract not modified by conditions printed on order—(3) Repudiation of contract renders tender unnecessary—APPEAL AND ERROR—(4) Question of excessive verdict not passed on by trial court not reviewable.

KNAPPEN, J.

Epitomized Opinion

This was an action for breach of contract by H. Brydon & Bros. against the Reliance Coal & Coke Co. The action was based upon a provision of written contract by which defendant agreed to purchase a car per day of coal for one year to be shipped in monthly installments to a manufacturing company, giving defendant the privilege in case the manufacturing company could not take all the coal "to ship part of the same on contract to any of the other Fleichman plants." Shipments were made from July, 1920, until Dec. 11, 1920. As defendant refused to accept any further shipments, plaintiff sued. Upon the trial, defendant contended that the written contract should be interpreted as meaning that if the Baltimore company was unable to use the coal the defendant was not bound to accept the same. The trial court rejected the defendant's construction of the contract and left the question to the jury whether plaintiff had duly performed its part of the contract and whether defendant had given the plaintiff to understand that it was no longer bound by the same. There was a verdict and judgment for plaintiff, whereupon defendant prosecuted error. Held:

1. That the contract merely gave defendant the option to change destination of shipments, and not to relieve it from its obligation to take the full amount of coal, because the manufacturing company closed down, and the other Fleishman plants could not take it.

2. A written contract for the purchase of coal is not modified by conditions printed on an order sent by the purchaser for shipments.

3. Where defendant contracted for the purchase of coal to be shipped on its orders, notification of the seller in response to a request for shipping orders that it would take no more coal unless and until its manufacturing plant reopened and that it would notify the seller if it did so, which it never did, is a repudiation of the contract, which rendered further tender of shipments unnecessary.

4. Where the question whether certain items should be considered in estimating damages for breach of a contract was not presented to the trial court the appellate court cannot reverse the judgment as excessive on the ground that such items were included.

Attorneys—O. S. Bryant and M. H. McLean, for Reliance Co.; Edward Colston and H. G. Fisher, for Brydon & Bro.